IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FALC ENTERPRISES, LLC, | § | Case No. 20-31002-hcm |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |
| | § | |
| FALC ENTERPRISES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 20-03016-hcm |
| | § | |
| ATLAS FACTORING, LLC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST DEFENDANT

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

COMES NOW Plaintiff, FALC ENTERPRISES, LLC (hereinafter "Plaintiff" or "FALC"), by and through its counsel of record, James & Haugland, P.C., and files this, its Motion to Compel and for Sanctions Against Defendant, and in support thereof would respectfully show the Court the following:

### I. FACTS

1.     Plaintiff asks the Court to take judicial notice of its file in this matter pursuant to Federal Rule of Evidence 201.

2.      On September 11, 2020, FALC initiated this bankruptcy proceeding by filing a

Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code

(hereinafter the "Bankruptcy"). [Bankr. Doc. #1].

3.      On or about October 29, 2020, Defendant ATLAS FACTORING, LLC (hereinafter

"Defendant" or "Atlas"), filed a Proof of Claim in the Bankruptcy in the amount of

$190,000.00. [Claims Register No. 4].

4.      On November 30, 2020, the Debtor filed its Original Complaint in this Adversary

Proceeding seeking declaratory judgment, avoidance of fraudulent transfers, and

recovery of avoided transfers if the transfers were not void *ab initio*.  [Adv. Doc. # 1]

5.      On February 12, 2021, the undersigned attorney served Atlas with Plaintiff's First

Requests for Production and First Set of Interrogatories (hereinafter the "Discovery

Requests").[1]  See Exhibit P-1.

6.      Atlas has wholly failed to respond to the Discovery Requests and has waived its

objections to same.

7.      Plaintiff now files this Motion asking the Court to enter an order:  (1) compelling

Atlas to produce the documents requested by Plaintiff in its First Requests for

Production without objections; (2) compelling Atlas to answer Plaintiff's First Set of

Interrogatories without objections; and (3) ordering Atlas to pay Plaintiff's attorney's

fees incurred in bringing this Motion.

---

[1]A true and correct copy of Plaintiffs' First Requests for Production, First Set of Interrogatories and First Request for Admissions to Defendant is attached hereto as Exhibit P-1 and incorporated herein by reference.

## II.  ARGUMENT & AUTHORITIES

8.   Discovery may be obtained about any matter that is not privileged and that is relevant to the subject matter of the case. FED. R. CIV. P. 26(b)(1), as made applicable by FED. R. BANKR. P. 7026.  Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

9.   A court may compel responses to discovery if a party files an objection to, or does not answer, an interrogatory submitted under FED. R. CIV. P. 33, as made applicable by FED. R. BANKR. P. 7033 or if a party files an objection to or does not produce documents in response to a request for production submitted under FED. R. CIV. P. 34, as made applicable by FED. R. BANKR. P. 7034.  FED. R. CIV. P. 37(a)(3)(B).

10.  The purpose of sanctions is to secure compliance with the discovery rules, to deter violation of the discovery rules by others, and to punish parties for discovery violations. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976); *Sec. Nat'l Bank of Sioux City v. Jones Day,* 800 F.3d 936, 942 (8th Cir. 2015). When considering sanctions, a court should ensure that any discovery sanction comports with due process. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 705 (1982).  The sanctions imposed must have a direct relationship to the offensive conduct. *See Martin v. Brown,* 63 F.3d 1252, 1263-64 (3d Cir. 1995); *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec,* 854 F.2d 1538, 1546 (9th Cir. 1988).

11.    The Court should grant this Motion because Atlas was properly served with Plaintiff's

First Request for Production and First Set of Interrogatories, but failed to serve any

objections or responses.  Plaintiff asks this Court to enter an order directing Atlas to

produce the documents requested by Plaintiff in its First Requests for Production and

to answer Plaintiff's First Set of Interrogatories without objections within 14 days of

the date the order is entered.

12.    In addition, Plaintiff asks the Court to award costs and attorneys fees of $2,000.00

incurred in preparing this Motion to Compel and attending the hearing on same.

15.    The sanction requested is the least severe sanction available to remedy the wrong.

Atlas has failed to make any response to Plaintiff's Discovery Requests and has

ignored its obligations under the Federal Rules of Civil Procedure.  In light of Atlas's

conduct, the sanction of paying Plaintiff's costs and expenses in preparing this Motion

and attending the hearing on same is the least severe sanction available.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff FALC Enterprises, LLC

asks that the Court grant its Motion to Compel and for Sanctions and enter an order: (1)

directing Atlas Factoring, LLC to produce the documents requested by Plaintiff in its First

Requests for Production without objections within 14 days of the date the order is entered;

(2) directing Atlas Factoring, LLC to answer Plaintiff's First Set of Interrogatories without

objections within 14 days of the date the order is entered; (3) awarding Plaintiff its costs and

attorney's fees incurred in preparing this Motion and attending the hearing on same in the

amount of $2,000.00; and (4) granting Plaintiff any other relief to which it may be entitled.

A copy of the proposed Order Granting Plaintiff's Motion to Compel and for Sanctions

Against Defendant is attached hereto as Exhibit P-2.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
609 Montana Avenue
El Paso, Texas  79902
Phone: (915) 532-3911
FAX:  (915) 541-6440
E-Mail: chaugland@jghpc.com

By: _____
Corey W.  Haugland
State Bar No.  09234200
Attorney for Plaintiff

## CERTIFICATE OF CONFERENCE

I, Corey W. Haugland, hereby certify to the Court that on April 5, 2021, I talked to Carlos Miranda, counsel for Atlas Factoring, LLC, about the outstanding Discovery Requests and this Motion to Compel and for Sanctions. Mr. Miranda advised me that he would serve responses to the Discovery Requests by April 7, 2021. Mr. Miranda failed to serve any responses to the Discovery Requests. FALC Enterprises, LLC was therefore required to file this Motion because of the inability to satisfactorily resolve the dispute prior to bringing it to the Court's attention.

_____
Corey W. Haugland

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on the 8th day of April, 2021 a true and correct copy of the foregoing PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST DEFENDANT was served on the following parties *via* electronic means as listed on the Court's ECF Noticing System:

Carlos A. Miranda
MIRANDA & MALDONADO, P.C.
5915 Silver Springs, Bldg. 7
El Paso, Texas 79912

_____
Corey W. Haugland

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FALC ENTERPRISES, LLC, | § | Case No. 20-31002-hcm |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |
| | § | |
| FALC ENTERPRISES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 20-03016-hcm |
| | § | |
| ATLAS FACTORING, LLC, | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:    Defendant, ATLAS FACTORING, LLC, by and through its attorney of record, Carlos A. Miranda, MIRANDA & MALDONADO, P.C., 5915 Silver Springs, Bldg. 7, El Paso, Texas 79912.

COMES NOW, PLAINTIFF FALC ENTERPRISES, LLC, and serves this, its First Request for Production and First Set of Interrogatories to Defendant ATLAS FACTORING, LLC, as authorized by Federal Rules of Civil Procedure 33 and 34 as made applicable by Federal Rules of Bankruptcy Procedure 7033 and 7034.

As required by Rule 34(a), ATLAS FACTORING, LLC must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request. The documents must be produced within 30 days of service of this request, at the law offices of James & Haugland, P.C., 609 Montana Ave, El Paso, Texas

Client Files\0012938\00101\00516467.WPD

**EXHIBIT**

P-1

79902.

Additionally, ATLAS FACTORING, LLC must serve an answer to each Interrogatory separately and fully, in writing and under oath, within 30 days after service.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
609 Montana Avenue
El Paso, Texas 79902
Phone: (915) 532-3911
FAX: (915) 541-6440
E-Mail: chaugland@jghpc.com

By: _____
Corey W. Haugland
State Bar No. 09234200
Attorney for FALC Enterprises, LLC

# DEFINITIONS AND INSTRUCTIONS

## Instructions for Interrogatories

A.  Each Interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which case you shall state the reasons for the objection and shall answer to the extent the interrogatory is not objectionable.

B.  You are required to conduct a thorough investigation and provide all information available to you, including information in the custody or possession of your attorneys, investigators, experts, agents, representatives or anyone acting on your behalf.

C.  The answers are to be signed under oath by the person making them and the objections are to be signed by the attorney making them.

D.  All grounds for an objection to an interrogatory shall be stated with specificity; any ground not stated in a timely objection is waived.

E.  When you are asked to identify a document which you claim is privileged, identify the document with sufficient particularity to request its production under Rule 34(b) of the Federal Rules of Civil Procedure.

## Instructions for Requests for Production

A.  Respond to each Request for Production separately by listing the documents and by describing them as defined below.  If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

B.  For each document or other requested information that you claim is privileged or is not discoverable, identify that document or other requested information.  State the specific grounds for the claim of privilege or other ground for exclusion.

Client Files\0012938\00101\00516467.WPD                    3

C.  For each document you claim is not discoverable (1) identify the document; (2) state the reasons for your claim; (3) state the author's job title and address; (4) state the recipient's job title and address; (5) state the name and job title of all persons to whom it was circulated or who saw it; (6) state the name, job title, and address of the person now in possession of the document and; (7) state the document's present location.

D.  For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, identify any other document evidencing the loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

E.  When a party withholds information otherwise discoverable under the rules by claiming that it is privileged or subject to protection, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

## DEFINITIONS

1.  "You," "Your," "Defendant," or "Atlas" as well as Defendant's full or abbreviated name or pronoun referring to Defendant means ATLAS FACTORING, LLC, and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with him or under his control, whether directly or indirectly.

2.  "Plaintiff" or "FALC" as well as its full or abbreviated name or a pronoun referring to it

means and refers to FALC ENTERPRISES, LLC, and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with it or under its control, whether directly or indirectly, including any attorney.

3. "Cesar" as well as his full or abbreviated name or a pronoun referring to him means and refers to CESAR LOPEZ, and where applicable, his agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with him or under his control, whether directly or indirectly, including any attorney.

4. "Major Motion" as well as its full or abbreviated name or a pronoun referring to it means and refers to MAJOR MOTION LOGISTICS, LLC, and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with it or under its control, whether directly or indirectly, including any attorney.

5. The term "person" or "entity" means any individual, partnership, firm, association, joint venture, corporation, estate, trust, receiver, any group acting as a unit or any other business, or governmental or legal entity.

6. The term "expert" shall have the same meaning as that set forth in Federal Rule of Civil Procedure 26.

7. The term "document" as used herein means, by way of example and without limitations, the originals or true copies of the following items in your possession, custody, or control, or known to you or your counsel, whether printed, computerized, microfilmed, videotaped, recorded or reproduced by any other mechanical process or medium of expression, or written or produced by hand and whether or not claimed to be privileged, confidential, or personal; the final versions and all prior drafts of contracts, agreements, notes (including secretarial notes); notebooks, work notes,

work papers, communications (including intra-departmental communications and inter-company communications); correspondence, statements, reports, telegrams, agendas, forms, memoranda, bulletins, appointment books, logs, messages, diaries, texts, manuals, reference works and materials; samples of materials, depositions; analyzes; projections, damage projections; forecasts, statistical statements; financial records, reports, charts, brochures, purchase orders, estimates, computer inputs and outputs; calculations, expert reports; compilations of data; demonstrative evidence such as physical models, sketches, charts, graphs, plans, drawings, etc.; journals, billing statements, receipts, invoices, data compilations, slides, sketches, graphics, charts, movies, videotapes; photographs, and the negatives thereof; summaries, records or minutes of meetings or conferences, expressions of statements of policy; lists of people attending meetings or conferences, summaries, records, or reports of personal conversations or investigations; summaries, records or reports of interviews; and all other writings, and any other similar matter, now or formerly in your possession, custody, or control or that of your counsel; or of any other agent, representative, employee, bookkeeper, accountant, expert or anyone else acting on your behalf, and includes documents used to support any conclusions or opinions reached.  Any marginal comments appearing on any documents and any handwritten or other notations on any copy of a document render it original, requiring production of it or a true copy of it with such notations.

    8.  "Relates to" or "refers to" shall mean to name, to refer to either directly or indirectly, to comment upon, to analyze, review, report on, form the basis of, be considered in the preparation of, result from, or to have any logical relation or relevance to the entity, person, document, event or action pertaining to the subject matter upon which inquiry is made.

    9.  "Identify" or "identity" shall mean, with respect to an individual, his or her name, last

known residence address and last known business address.

10. "Identify" or "identity" shall mean, with respect to a corporation, partnership, joint venture, or other business entity, its name and last known business address.

11. "All" shall mean "any" and vice versa.

12. The term "communication" shall mean and include any oral or written expression, statement or utterance of any nature, and made by or to anyone, including without limitation, correspondence, conversations, agreements or other understandings between or among two or more persons.

13. The term "and" or "or" shall be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of any request for admission all responses which might otherwise be construed to be outside the scope.

14. The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

15. The masculine gender of any word shall be construed to include the masculine, feminine, and neuter gender and vice versa.

16. "Date" means the exact date, month, and year, if ascertainable, or if not, the best approximation, including chronological relationship to other events.

17. The "Factoring Agreement" means and refers to the June 25, 2019 Factoring and Security Agreement by and between FALC Enterprises, LLC and Atlas Factoring, LLC.

18. The "Major Motion Guaranty" means and refers to the January 22, 2020 Corporate Continuing Guaranty by and between FALC Enterprises, LLC and Atlas Factoring, LLC regarding Major Motion Logistics, LLC.

19. Deed of Trust and Security Agreement (hereinafter the "Deed of Trust") by which FALC pledged two parcels of real property to Atlas to secure payment of the Factoring Agreement, the Personal Guaranty, and the Major Motion Guaranty.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and Cesar related to the Factoring Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and Major Motion related to the Factoring Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and FALC related to the Factoring Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Produce all invoices and receipts submitted by Cesar pursuant to the Factoring Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Produce all invoices and receipts submitted by Major Motion pursuant to the Factoring Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Produce all invoices and receipts submitted by FALC pursuant to the Factoring Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and Major Motion related to the Major Motion Guaranty.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and FALC related to the Major Motion Guaranty.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and Cesar related to the Deed of Trust.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and Major Motion related to the Deed of Trust.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and FALC related to the Deed of Trust.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Produce all contracts by and between Atlas and Major Motion.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and Cesar that relate or refer to FALC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Produce any and all records, writings or other documents containing, embodying, reflecting or evincing any settlement agreement including releases, covenants not to execute, agreements with witnesses, covenants not to sue, agreements to testify or not to testify, agreements not to be present in the jurisdiction, indemnity agreements, and Mary Carter agreements that you have entered into with anyone arising from the Factoring Agreement, the Major Motion Guaranty, or the Deed of Trust.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Produce your entire files for the Factoring Agreement, the Major Motion Guaranty, and the Deed of Trust, excluding privileged documents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

If you contend that FALC's claims against Atlas are barred by estoppel, produce all documents which support your contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

If you contend that FALC's claims against Atlas are barred by laches, produce all documents which support your contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

If you contend that FALC's claims against Atlas are barred by a prior material breach of contract by FALC, produce all documents which support your contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

If you contend that Atlas is entitled to an offset, set-off, and/or recoupment of any amounts owed to FALC, produce all documents which support your contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

If you contend that FALC's claims against Atlas are barred by the wrongdoing of FALC, produce all documents which support your contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

If you contend that FALC's claims against Atlas are barred by the wrongdoing of Lourdes Castro, produce all documents which support your contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Produce each and every document identified in your answers to Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

Produce each and every document relied upon by you to provide any answer or other response to any Interrogatory propounded to you in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and Lourdes Castro a/k/a Lourdes Lopez related to the Factoring Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

Produce all invoices and receipts submitted by Lourdes Castro a/k/a Lourdes Lopez pursuant to the Factoring Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and Lourdes Castro a/k/a Lourdes Lopez related to the Major Motion Guaranty.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and Lourdes Castro a/k/a Lourdes Lopez related to the Deed of Trust.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

Produce all contracts by and between Atlas and Lourdes Castro a/k/a Lourdes Lopez.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and Lourdes Castro a/k/a Lourdes Lopez that relate or refer to FALC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and Major Motion that relate or refer to FALC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and Susan Forbes that relate or refer to FALC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

Produce all correspondence, e-mail, or documents memorializing communications by and between you and Susan Forbes that relate or refer to Lourdes Castro a/k/a Lourdes Lopez.

**RESPONSE:**

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1:**

Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**

For each affirmative defense that you are asserting, please identify the defense and specifically set forth all of the facts that you know about that purportedly supports such defense. Also, for each such defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you believe or understand supports the defense. Identify all persons who have knowledge of facts supporting the defense. Those persons should be identified by name, occupation, address, title, relation to the parties herein and a description of the information within that person's knowledge that purportedly supports each such defense.

**ANSWER:**

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on the _12th_ day of February, 2021, at true and correct copy of the above and foregoing PLAINTIFF'S FIRST REQUEST FOR PRODUCTION, FIRST SET OF INTERROGATORIES TO DEFENDANT was served upon:

Carlos A. Miranda
MIRANDA & MALDONADO, P.C.
5915 Silver Springs, Bldg. 7
El Paso, Texas 79912

Corey W. Haugland

## JAMES & HAUGLAND, P.C.
### ATTORNEYS AND COUNSELORS AT LAW

COREY W. HAUGLAND
JAMIE T. WALL
——
WILEY F. JAMES III – OF COUNSEL

609 MONTANA AVENUE
EL PASO, TEXAS 79902
——
(915) 532-3911:
FACSIMILE: (915) 541-6440

February 12, 2021

Carlos A. Miranda                          **VIA FAX #587-5001**
Miranda & Maldonado, P.C.                  **and VIA E-MAIL: cmiranda@eptxlawyers.com**
5915 Silver Springs, Building 7
El Paso, Texas 79902

Re:    FALC Enterprises, LLC; Bankruptcy Case Number 20-31002-hcm

       FALC Enterprises, LLC v. Atlas Factoring, LLC; Adv. No. 20-03016-hcm

Dear Mr. Miranda:

    Attached please find the Plaintiff's First Request for Production and First Set of Interrogatories to Defendant.  Please provide me with your client's responses within thirty days of service in conformity with the Bankruptcy Rules and Federal Rules of Civil Procedure.

    If you have any questions or issues concerning the Plaintiff's First Request for Production and First Set of Interrogatories to Defendant, please do not hesitate to contact me.

                          Very truly yours,

                          JAMES & HAUGLAND, P.C.

                          By: _____
                              Corey W. Haugland

CWH/jb
Attachment, Via FAX and E-Mail

Client Files\0012938\00101\00516634.WPD

02/12/2021 FRI 20:16    FAX 9155416440              RicoFax                                    ☑001

```
*********************
*** FAX TX REPORT ***
*********************

            TRANSMISSION OK

JOB NO.                    1898
DESTINATION ADDRESS        5875001
SUBADDRESS
DESTINATION ID
ST. TIME                   02/12 20:14
TX/RX TIME                 01'46
PGS.                       15
RESULT                     OK
```

## JAMES & HAUGLAND, P.C.
### ATTORNEYS AND COUNSELORS AT LAW

600 MONTANA AVENUE
EL PASO, TEXAS 79902

(915) 532-8911

FACSIMILE: (915) 541-6440

COREY W. HAUGLAND
JAMIE T. WALL

WILEY F. JAMES III – OF COUNSEL

February 12, 2021

Carlos A. Miranda                    **VIA FAX #587-5001**
Miranda & Maldonado, P.C.            **and VIA E-MAIL: cmiranda@eptxlawyers.com**
5915 Silver Springs, Building 7
El Paso, Texas 79902

Re:    FALC Enterprises, LLC; Bankruptcy Case Number 20-31002-hcm

       FALC Enterprises, LLC v. Atlas Factoring, LLC; Adv. No. 20-03016-hcm

Dear Mr. Miranda:

       Attached please find the Plaintiff's First Request for Production and First Set of Interrogatories to Defendant. Please provide me with your client's responses within thirty days of service in conformity with the Bankruptcy Rules and Federal Rules of Civil Procedure.

       If you have any questions or issues concerning the Plaintiff's First Request for Production and First Set of Interrogatories to Defendant, please do not hesitate to contact me.

       Very truly yours,

       JAMES & HAUGLAND, P.C.

       By: _____
              Corey W. Haugland

CWH/ib

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FALC ENTERPRISES, LLC, | § | Case No. 20-31002-hcm |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |
| | § | |
| FALC ENTERPRISES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 20-03016-hcm |
| | § | |
| ATLAS FACTORING, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST DEFENDANT

On this day, came on to be considered Plaintiff's Motion to Compel and For Sanctions

Against Defendant (hereinafter the "Motion"). The Court, after reviewing the Motion, the Response

filed, if any, and the evidence and arguments of counsel, finds that the Motion is well taken and

Client Files\0012938\00101\00516843.WPD



EXHIBIT

P-2

should be in all things GRANTED. It is therefore,

**ORDERED, ADJUDGED and DECREED** that Plaintiff's Motion to Compel and For Sanctions Against Defendant is GRANTED and that Atlas Factoring, LLC is hereby ordered to produce the documents requested in Plaintiff's First Requests for Production without objections and to serve answers to Plaintiff's First Set of Interrogatories without objections within 14 days of the date of this Order. It is further,

**ORDERED, ADJUDGED and DECREED** that Atlas Factoring, LLC pay Plaintiff the amount of $2,000.00 as reasonable and necessary attorney's fees incurred in bringing forth the Motion and for attending hearing on same **within 14 days of the date of this Order**. Plaintiff shall have all writs and process necessary to collect this fee award.

###

Submitted by:
Corey W. Haugland
State Bar No. 09234200
JAMES & HAUGLAND, P.C.
609 Montana Avenue
El Paso, Texas 79902
Phone: 915-532-3911
FAX: (915) 541-6440

Client Files\0012938\00101\00516843.WPD